IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AI AUTOMATION, LLC,<br><br>　　　　Plaintiff,<br><br>V.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA LLC,<br><br>　　　　Defendants. | Civil Action No.  1:15-cv-52<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement in which Plaintiff, AI Automation, LLC ("AIA"), makes the following allegations against Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Telecommunications America, LLC ("STA") (collectively "Defendants"):

**THE PARTIES**

1.　　Plaintiff AIA is a Texas limited liability company having its principal place of business in Houston, Texas.

2.　　On information and belief, Defendant SEC is a Korean corporation having its principle place of business in Suwon City, Korea.

3.　　On information and belief, Defendant SEA is a New York corporation having its principle place of business in Ridgefield Park, New Jersey.

4.　　On information and belief, Defendant STA is a Delaware limited liability company having its principle place of business in Richardson, Texas.

**NATURE OF THE ACTION**

5.　　This is a civil action for the infringement of United States Patent No. 5,655,136 ("the '136 Patent") (or, "the Patent-in-Suit") under the Patent Laws of the United States 35

U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, each Defendant, directly and/or through subsidiaries or intermediaries, has transacted business in this District, and has committed acts of patent infringement in this District.

8. On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) directly and/or through subsidiaries or intermediaries, regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

## THE PATENT-IN-SUIT

9. On August 5, 1997, the USPTO duly and legally issued the '136 Patent entitled "Method and Apparatus For Recognizing And Performing Handwritten Calculations." A true and correct copy of the '136 Patent is attached as Exhibit A.

10. AIA owns the '136 Patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT 1: INFRINGEMENT OF THE '136 PATENT

11. Paragraphs 1-10 are incorporated by reference as if fully restated herein.

12. On information and belief, Defendants, directly or through intermediaries, have acted to develop, use, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise various Samsung products, including, but not limited to, Galaxy Note 10.1.

13. On information and belief, Defendants have directly infringed the '136 Patent, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271(a), including developing, making, using, selling, shipping, distributing, and/or offering for sale in the United States or importing into the United States Samsung products, including, but not limited to, Galaxy Note 10.1, covered by at least claims 23 and 24 of the '136 Patent.

14. On information and belief, through Defendants' policies and practices of not investigating whether at least the Samsung Galaxy Note 10.1 infringes the patents of others, Defendants intentionally took steps to avoid learning the extent of their infringement of the '136 Patent.

15. AIA has been damaged by Defendants' infringement of the '136 Patent.

## PRAYER FOR RELIEF

Wherefore, Plaintiff AIA respectfully requests that this Court enter judgment against Defendants as follows:

a) adjudging that the Defendants have infringed, literally or under the doctrine of equivalents, the '136 Patent;

b) awarding AIA the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' infringement;

c) awarding AIA attorneys' fees pursuant to 35 U.S.C. § 285;

d) awarding AIA pre-judgment and post-judgment interest on its damages; and

e) awarding AIA such other and further relief in law or equity that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

AIA hereby demands a trial by jury on all claims and issues so triable.

Dated: February 2, 2015

Respectfully submitted,

By: */s/   Bradford J. Black*
Bradford J. Black
Texas Bar No. 24086243
Andrew G. Hamill
California Bar No. 251156
BLACK & HAMILL LLP
4 Embarcadero Center, Ste. 1400
San Francisco, CA 94111
Email: bblack@blackhamill.com
Email: ahamill@blackhamill.com
Tel: (415) 813-6210
Fax: (415) 813-6222

**ATTORNEYS FOR PLAINTIFF
AI AUTOMATION, LLC**